UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ACARTHA GROUP, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:12-CV-1142 (CEJ) |
| | ) | |
| MORRISS HOLDINGS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

On October 12, 2012, the Court granted the motion of counsel for defendant Morriss Holdings, LLC, to withdraw. Because a corporation cannot represent itself in a civil action, Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 857 (8th Cir. 1996), the Court required defendant to obtain new counsel and file an entry of appearance no later than November 16, 2012. Defendant was warned that failure to comply "may result in the imposition of sanctions, including the entry of default and default judgment." Despite the Court's order, defendant remains unrepresented. On December 17, 2012, plaintiff filed a motion for entry of Clerk's default. The Court denied that motion because defendant had filed an answer before counsel withdrew. Plaintiff now asks the Court to reconsider its denial.

"It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201–02 (1993). Defendant has not obtained new counsel and therefore is barred from defending itself in this case. Under this circumstance, the Court deems it appropriate to exercise its inherent authority to strike defendant's answer. See Pert 35, Inc. v. Amari Aviation Ltd., 3:09-CV-0448 TJM/DEP, 2010 WL 1257949 (N.D.N.Y. Mar. 5, 2010) report and

recommendation adopted, 09-CV-0448 TJM/DEP, 2010 WL 1257950 (N.D.N.Y. Mar. 25, 2010) (court may preclude participation by unrepresented corporation); <u>Liberty Mut. Ins. Co. v. Hurricane Logistics Co.</u>, 216 F.R.D. 14, 15 n.3 (D.D.C. 2003) (if corporate defendant does not retain counsel, court may strike answer). When the answer is stricken, default may be entered. <u>Sec. & Exch. Comm'n v. Research Automation Corp.</u>, 521 F.2d 585, 589 (2d Cir. 1975) (where corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Rule 55).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to reconsider [Doc. #14] is **granted**.

**IT IS FURTHER ORDERED** that defendant's answer [Doc. #7] is **stricken**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter default against defendant Morriss Holdings, LLC.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 24th day of June, 2013.