UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ACARTHA GROUP, LLC, | ) |
| Plaintiff, | ) ) ) |
| vs. | )  Case No. 4:12-CV-1142 (CEJ) |
| MORRISS HOLDINGS, LLC, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for default judgment against defendant Morriss Holdings, LLC.

**I.   Background**

On January 1, 2010, Morriss Holdings executed a promissory note in favor of plaintiff Acartha Group, LLC (Acartha).[1]  The note required Morriss Holdings to pay upon demand "the amount set forth on Schedule A attached hereto as such schedule is amended from time to time," plus interest on the unpaid balance.  Failure to make timely payment upon demand constitutes a default, entitling Acartha Group to take legal action to collect on the note.  Promissory Note [Doc. #19-1].  The note is "governed by and construed in accordance with the laws of the State of Delaware."

On June 8, 2012, Acartha[2] demanded payment of the entire principal balance plus accrued interest.  Morriss Holdings failed to pay the amounts due and, on June 25, 2012, Acartha initiated this breach of contract action to recover the unpaid

---

[1]B. Douglas Morriss signed the note on behalf of Morriss Holdings, LLC, in his role as Trustee of the Barbara Burton Morriss Revocable Trust which, in turn, is identified as the managing member of Morriss Holdings, LLC.

[2]The action was filed by Claire Schenk, the court-appointed receiver for Acartha Group.  See Order Appointing Receiver SEC v. Morriss, 4:12-CV-80 (CEJ) (E.D. Mo. Jan. 17, 2012) [Doc. #16].

principal plus interest.  Morriss Holdings filed an answer to Acartha's complaint on August 30, 2012.  On September 18, 2012, defense counsel filed a motion to withdraw from the representation.  The Court granted the motion and directed Morriss Holdings to obtain new counsel.  Morriss Holdings failed to comply and, on June 24, 2013, the Court struck defendant's answer.  The Clerk of Court entered default against Morriss Holdings on July 1, 2013.

II.   Discussion

By virtue of the default entered against it, defendant Morriss Holdings is deemed to have admitted all well-pleaded factual allegations in the complaint.  See Taylor v. Ballwin, 859 F.2d 1330, 1333 (8th Cir. 1988).  Thus, for the purposes of this motion, it is established that Morriss Holdings executed the promissory note in favor of Acartha Group; that it is obligated to pay unpaid principal plus accrued interest, in full, upon demand; that Acartha Group demanded payment; and that Morriss Holdings refused to make payment.  These facts establish the elements of Acartha Group's breach of contract claim under Delaware law.  See H-M Wexford, LLC v. Encorp, Inc., 832 A.2d 129, 140 (Del. Ch. 2003) ("Under Delaware law, the elements of a breach of contract claim are: 1) a contractual obligation; 2) a breach of that obligation by the defendant; and 3) a resulting damage to the plaintiff.").

Plaintiff has established that it is entitled to default judgment on its breach of contract claim against defendant Morriss Holdings, LLC.  Plaintiff has also established that, as of June 30, 2013, the outstanding balance was $7,022,217.88.  See Pl. Ex. H, Affidavit of J. Muzzarelli and attached spreadsheet [Doc. #19-8].  Interest has continued to accrue.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for default judgment [Doc. #18] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 19th day of September, 2013.